affd. 141 N. Y. 605; *Dupuy* v. *Quinn,* 40 St. Rep. 837; *Balba* v. *People,* 80 N. Y. 491; *People* v. *Carpenter,* 102 N. Y. 244.)

The evidence was ample to sustain the conviction; the sales were made in defendant's presence, and with his knowledge. (*Verona Central Cheese Co.* v. *Murtaugh,* 50 N. Y. 319; *People* v. *Utter,* 44 Barb. 170; *Cullinan* v. *Burkard,* 86 N. Y. Supp. 1006.)

Judgment of conviction and order affirmed.

All concurred, except McLENNAN, P. J., who dissented upon the ground that the trial court committed reversible error in refusing to permit three of the jurors to answer certain questions bearing upon their competency to sit as jurors, and also in overruling defendant's challenge upon the ground of actual bias to the juror Hale.

---

Supreme Court, Wyoming Special Term, December, 1904. Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, to Revoke and Cancel the Liquor Tax Certificate of JOSEPH MOORE.

PROCEEDING to revoke the liquor tax certificate issued to the defendant.

*Samuel H. Salisbury,* for the petitioner.

*Frank W. Brown,* for the defendant.

KRUSE, J.: The grounds upon which the State Excise Commissioner seeks to have cancelled this liquor tax certificate are that the licensee's or certificate-holder's agent or employee has been twice convicted for a violation of the Liquor Tax Law, and that three years have not elapsed since the second conviction and that the defendant made a false statement in that regard in his application for the liquor tax certificate.

The specific provision of the Liquor Tax Law regarding which it is claimed the defendant made the misstatement, is clause " e " of subdivision 1 of section 23, which section contains a list of persons who shall not traffic in liquor. It specifies:

" 1. No person,

" e. Whose agent or employee shall be twice convicted for a violation of this act, until three years from the date of such second conviction."

It appears that in April, 1904, a few days before the liquor tax certificate sought to be revoked was issued, one Frank Teeple was convicted upon his plea of guilty to three separate indictments charging him with having violated the Liquor Tax Law on the 27th day of March, 1904, by selling liquors on Sunday.

The petition specifically alleges that these illegal sales occurred at the International Hotel, the defendant's premises, in the village of Warsaw, and that during the months of March and April, 1904, Teeple was an employee of the defendant, acting as bar tender in the International Hotel, but these allegations are put in issue by the denials of the answer of the defendant.

It is contended on behalf of the defendant that the proof is insufficient to warrant the revocation of this license, and specifically that even if Teeple was guilty of a violation of the Liquor Tax Law while in the defendant's employ in carrying on his business, the statute contemplates that the second conviction must have been had for an offense committed after the first conviction so as to give the employer the opportunity to dispense with the services of the convicted offender.

Without passing on the specific question urged by the defendant, I am of the opinion that upon the whole evidence the petitioner has failed to make out his case.

I do not think that two convictions had at one and the same time of a liquor tax certificate-holder's employee for offenses committed at the same time, not shown to have been committed on the premises or in the business of the employer, forfeits his certificate, or disqualifies him from trafficking in liquors, although three years may not have elapsed since such convictions.

The proof shows in a general way that Teeple was employed by the defendant during the month when these illegal sales were made, but it does not appear that the illegal sales with which Teeple was charged, and of which he was convicted, were made by him at the defendant's premises, or while engaged in the defendant's business, or even that he was engaged in the defendant's business on the day when it is charged the illegal sales were made. The indictments charge that the sales were made in the town of Warsaw, but the proof is entirely silent as to

the particular place where they were made.  The mere fact that Teeple was employed by the defendant to the extent disclosed by the evidence, is insufficient to warrant the inference and establish the fact that the sales were made at the defendant's hotel, or in the defendant's business, or that they were made by an agent or employee of the defendant within the meaning of subdivision 1, clause " e," of section 23 of the Liquor Tax Law.

The application is denied and the proceeding dismissed, with fifty dollars costs, besides disbursements.